IN THE UNITED STATES DISTRICT COURT, FILED
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION                2007 JUN 11 PM 2:48

                                     MIDDLE DISTRICT OF FLORIDA
                                     JACKSONVILLE, FLORIDA

PETITIONER            ORIGINAL CASE NO: 06-CF-1205
CHARLIE JAMES BURROUGH      CASE NO: [TO BE ASSIGNED]
     VS.
STATE OF FLORIDA/ or   3:07-cv-508-J-33TEM
JOHN Rutherford, SHERIFF OF DUVAL County Florida.


EMERGENCY PETITIONER for WRIT OF
        HABEAS CORPUS


    Comes NOW Petitioner Charlie James Burroughs,
Pro.Se AS A TRUE Layman of the LAW, but files this
EMERGENCY WRIT OF HABEAS CORPUS AS A GREAT
Public Importance, PURSUANT TO FEDERAL RULE of CIVIL
Procedure 28. U.S.C.A. §2254(A)/or 2241  for his detent-
ion AND CONVICTION is in violation of Florida RULE of
CRIMINAL Procedure 3.140(g), F.S. 923.03(2), Ch. 117.
Sub. Section's AND Fla. Const. ART. 1, Sect. 15(a), 16, & 17,
Also U.S. CONST. 5th & 14th Amend. Petitioner Detention
And conviction is unconstitutional, illegal & unlawful.
    And Respectfully moves This Honorable
Court GRANT The Relief in which Petitioner is
entitled by LAWS/Constitution of both State/Fed-
eral, And will LAY OUT the following grounds
And Facts which entitles Relief:

                    (1)

## "JURISDICTION"

PETITIONER hereby INVOKES the Jurisdiction upon this COURT PRUSUANT TO U.S. CONST. 5th & 14th Amendment, AND FLA. CONST. ART. 1, SECT. 9, 12, 15, 16 AND 17, Also PRT. V SECT. 5(b), ART. 5 SECT.(5), ART. 5, SECT. 2, 2(A) & 17.

And REquest this COURT To use its inherited Power of Equity, That FOR Which is invested IN All COURTS IN CASES where FRAud has been intertroducted, AND where A Defendants Guaranteed Procedure Due Process Rights has been deliberately denied & defrauded of IN A CRIMINAL Proceeding:

## STATEMENT OF FACTS

1) Petitioner WAS ARRested ON August 3, 2006 by JACKsonville Sheriff office on Charges Possession of Cocaine/Possession OF FIREARM by A CONVicted Felon.

2) Petitioner Asserts the STATE filed Charges Against him on Aug. 24, 2006, under CASE No: 06-CF-12054A (So called) charges/Are insufficient to Constitute FORMAL Charges being filed, AND FORMAL Charges has Not yet been Legally & Lawfully filed by State violated Rule 3.134, 3.140 (g) & 3.140 (j), 3.140 (0)

(1)

3) Petitioner was found guilty by JURY on MAY 4th 2007 on insufficient & fraudulent forged dated charging information Document EX 1/2. The Documents is not a copy to each other. EX 2 is false dated, and the date is false on EX 2. There was no oath provided on 8-24-06 see EX (1), EX 2 is forged dated also are the notary seal & signature to EX 2.

GROUND 2

Petitioner filed his EMERGENCY Writ of Prohibition/Writ of Habeas Corpus with the 4th Circuit Court on 5/10/07, and the Judge denied the motion on 6/5/07.

Petitioner had plead to counsel appointed by the court to file a motion on the insufficent & fraudulent forged dated Affidavit EX 1 & 2, but refused. Therefore Petitioner had to file the Writ himself in the best interest of Justice & a great public Importance. Petitioner Procedure Rights safe guard was denied by the unlawful/unconstitutional practice used in filing formal charges against accuse. For the State Atty. office and 4th Circuit Court is not at liberty to make its own Rules for Practice and procedure, and deviate from Rule 3.140(g), F.S. 932.03(2) & 3.134.

Petitioner asserts that when Procedure Rule's for Practice & Procedure is violated & ignored he be entitled to Habeas Corpus Relief.

(3)

for The Supreme Court's and other Courts has stated that there is Strick (Adherence) to procedure Rules, and when they are violated a defendants Rights to due process is denied under U.S. Const. 5th & 14 Amend. Also Fla. Const. Art. 1, Sec. 9, 12, 16 & 17. And deserves Relief by Discharge Regardless of defendants Predisposition Art. 1. Sect. 9 of Fla. Const. and U.S.C.A. Const. 5th & 14th Amend. See United State v. Russell 411 U.S. 423, 431-32, 93 S. Ct. 1637, 36 L Ed. 2d. 366 (1973), Gerstein v. Pugh, 420 U.S. 103, S. Ct. 854, 43 L Ed. 2d 54 (1975).

The Prosecutor has Practiced Fraud on The Court as in State v. Burton 314 So. 2d 136 (1975).

Any order, Judgment or decrees which are the product of fraud Collusion, deceit, mistake, etc. may be Vacated, modified, opened or otherwise Acted upon at any time Criminal Law key 996(2) 998 (14)

## Relief Requested

Petitioner Respectfully Request this Honorable Court to Grant Relief, and order Arrest of Judgment or Acquittal of the fraudulent Verict Resulted from the illegal unlawful & unconstitutional. Or Pray that the Court will Issue a order to Show Cause on the grounds. The State has no material facts in dispute, and is in the Absence of A Valid Charging Information

(4)

## CERTIFICATE OF SERVICE

I, CHARLIE JAMES BURROUGHS, here by certify under Penalty of Perjury. And declare under (Oath) Pursuant to Rule 92.525 F.S. that A true/correct copy of the foregoing EMERGENCY Petitioner for Writ of Habeas Corpus. And A Copy of the EMERGENCY Petition for Writ of Prohibition/Writ of Habeas Corpus (Attached As Ex. (7) To The U.S. Federal Court Clerk, Middle District of Florida 300 North Hogen St., Suite 9-150, Jax. Fla. 32202-4271, And Clerk of the Circuit Court 330 E. Bay St. Jax. Fla. 32202, Office of State Atty. 330 E. Bay St. Jax. Fla. 32202, Office of the Sheriff John Rutherford, 501 E. Bay St. Jax. Fla. 32202, by U.S. mail service This ___ day of ____ 2007

Respectfully Submitted
by / Charlie Burroughs
CHARLIE JAMES BURROUGHS
2901 Beachwood Blvd Apt B-110
Jacksonville, Florida 32246

In The Circuit Court Of The <u>FOURTH</u> Judicial Circuit In And For Duval, County, FLORIDA,

"Petitioner"
Charlie James Burroughs

vs.

State Of Florida/OR
John Rutherford Sheriff Of Duval, County, Fla.
"Respondent"

Case No: _____
[To Be Assigned]

Original Case No: 16-2006-CF-12054A

# EMERGENCY PETITION FOR WRIT OF PROHIBITION / WRIT OF HABEAS CORPUS

Come's now Petitioner <u>Charlie James Burroughs</u>, as a True <u>layman</u> of The Law, and files this <u>Emergency</u> Writ of Prohibition to Prevent the Trial Court from going forward in it's cause of action for the state can not establish a lawful Probable cause for the Judge to make such lawful finding and therefore Petitioner is being illegally/unlawfully detained in the Absence of legal Probable Cause to legally detain him and is therefore intitled to Writ of Habeas Corpus Relief and the Judge <u>Erred</u> in making a determination of Probable Cause to believe that Petitioner had committed offense, And Petitioner files This Petition in the greatest of Public importance and Justice of the laws of this great land we call America and will state the following grounds and facts:

## Jurisdiction

Petitioner hereby invokes Jurisdiction upon this Court Pursuant

(1)

TO the 5th and 14th Amend, and Art. V §§5(6), and invested with Jurisdiction also Art. 1 section, 1 2 3 5 7 8 9 12 13 15(a), 16, 17 and 21, &24 of the Fla. Constitution and Art. 5 section 5. Petitioner states the Question is whether or not the court had <u>Subject Matter Jurisdiction</u> in this instant case to enter Judgment/Sentence against Petitioner, where The charging information is totally <u>insufficient, unlawful</u> and a illegal Document which was procured through by means of <u>fraud, forgery, Altering,</u> and <u>Perjury</u> to establish it.

## Statement OF Facts

1) Petitioner was arrested on August 3, 2006 By Jacksonville Sheriff office on charges Possession of Cocaine/Possession of firearm by a Convicted felon.

2) Petitioner Asserts the State filed Charges Against him on <u>August 24, 2006</u>, under case #2006-CF-12054A (So called) Charges/are insufficient formal charges is not yet legally filed by state Violates Rules <u>3.134, 3.140(g)</u> & 3.140(j).

3) Petitioner States the charging <u>information</u> that the state Relied upon to detain (Him) is an insufficient, unlawful, and illegal document that is the Product of <u>fraud, forgery, Altering,</u> of Public Record and <u>Perjury</u> Knowingly committed by the state, and are not in compliance with Fla. Rules of Criminal Procedure 3.140(g) and Legislature intent and Florida Supreme Court Ruling His Detention is illegal without legal Probable Cause

(2)

Petitioner Asserts on May 4, 2007 The jury found Petitioner Guilty of Possession of a firearm by a convicted felon, furtherance the Court order a Pre-Sentence investigation Petitioner goes back to court for Sentencing on June 4, 2007.

5) Petitioner Asserts Exhibit (1) & (2) is a fabricated document made & Manufactured by the state Attorney office, and the state has written in or Printed in the case number on the top of the document which is Prohibited only the Clerk of Court can Place & attach case number or assign a case number to a information, and not the State attorney office.

## Ground One

Petitioner Asserts the state Provided a Known insufficient charging information Document to the Court.

Petitioner and also his Lawyer on Approx. August 24, 2006 See, Exhibit (1) that contained no signature of Asst. State Attorney who were to be under (Oath) by Notary Public at the time who signed a false fraudulent name not Authorized by the commission and was Prohibited Act by Commission The initial Placed on the Jurat By notary was a violation F.S. 117.107(1), F.S. 117.105 & F.S. 117.05(4) which is a Prohibit Act for any Notary Public to Commit and a crime of a Third degree felony Punishable as Provided. His detention is illegal without legal Probable Cause. in statute 775.082, 775.083, or 775.084

This Crime has been committed by Notary and the state Prosecutor

(3)

who took Part in the Conspiracy to prepare such ~~fraudulent~~ document his detention is illegal without Legal Probable cause, Exhibit(1) of Exhibit(2) is without doubt a ~~forged, altered,~~ document let the Record Reflect: See, F.S. 918.13(a)(b)&(2).

## Ground Two

Petitioner Asserts by the Record Provided to him in Discovery the Clerk of Court, The State has knowingly Participated with the Notary or Knowingly Manipulated the Notary to unlawfully to misused his or her Notary Power and Both Notary/Asst. ~~state~~ ATTORNEY CONSPIRED WILLINGfully TO MANIPULATE by misleading the Court and others with a fraudulent affidavit.

The state and Notary willingly Participated in the Criminal and Civil Conspiracy with each other and or Various others members of the court to turn their heads to the insufficient false and fraudulent Documents [Also Clerk of Court Cooperated] The Notary who is an employee that works within The State Attorney's Office Notarizing information documents Knowingly Conspired together with Asst. State Attorney who stamped name is shown in Exhibit(1) document and together Conspired with the Notary to Prepared a Known false fraudulent document [The Clerk of Court took Part in the Conspiracy].

Petitioner Asserts the Notary Knowingly Affixed a false name or initial to a blank form of Affidavit or Certificate of Acknowledgment and willingfully or knowingly delivered that form to another to be used as a Affidavit and a true document why knowing it was unlawful illegal and a insufficient document and Prohibited Acts by Chapter 117.107(3) See.

(4)

State Ex.Rel. Richardson V. Lawrence 120 fla, 836, 163, So.2d, 231 (1935). also Supporting Law State V. Sailer, 645 SO 2d 1115.

Petitioner States the Assistant State Attorney's Mark Caliel Bar# 1015650 is The main Key Player in This Crime and unlawful Act committed, his detention is illegal without Legal Probable Cause "And Violation of Procedure Rules"

### Ground Three

Petitioner Asserts that Asst. State Attorney Caliel was not duly under Oath by Notary at the time & date of false signature of Notary on document see Exhibit (1) Asst. State Attorney Caliel was not in the present of Notary and did not signed....

The document see, Decamp V. Allen App. 1st Dist. 156 SO, 2d 661 (1963) his detention is illegal unlawful without Legal Probable Cause nor was Exhibit (1) did under Oath nor Seal.

The law is clear and states that within F.S. 117.03 That affidavit made before Notary Public is not Legally Executed unless attested and Published under Seal of Notary office.

The Same in this case apply's Richardson V. Lawrence 120 fla, 836, 163, SO, 2d 231 (1935) and 553 SO, 2d 296.

Petitioner Asserts the law states in F.S. 117.05(3)(2) that it is unlawful use of Notary to not Affix to all notarizing Document, The Seal, This is a (Mandatory) Law the word "Shall" in The statute is Mandatory and

(5)

Case 3:07-cv-00508-VMC-TEM   Document 1   Filed 06/11/07   Page 11 of 19 PageID 11

117.05(4) states when a Notary Notarizing a Signature the Notary Public "Shall" Signed and date a Notarial Certificate or Jurat in this instant case the Notary Conspired with the state or was Manipulated by the state to ignore the law's/statutes the Notary Swore to uphold.

Such Conscious unlawful Criminal/Civil Acts Repeatly Committed by officials of the Court Can not be Corrected or Justified by a (Good Faith) Cry of a Prosecutor in this instant Case.

His detention is illegal/unlawful without Legal Probable Cause based upon insufficient, unlawful illegal fabricated, altered and forged information to charge Petitioner with a crime and did not signed. See Waggy V. State 935 So.2d 571 (2006)

Here the Petitioner Asserts facts that Can't be Denied by the state, See Exhibit (1) & (2) Exhibit (2) is forged, altered they are not a copy of each other.

The court Lacked Subject Matter Jurisdiction in case to issure Judgment/Sentence.

## Ground Five

Petitioner Asserts the attached Document Exhibit (2) which are the 2nd information Provided by the state is insufficient/illegal Document Exhibit (2) is without doubt a altered/forged and a fabricated document, Exhibit (1) which was the first document's Provided has stamped on it in Big letter [Copy]. which mean it is to be a copy of Exhibit (2) which shows to

(6)

Be a copy of Ex.(2) which shows to be false and do not match up in any way, and the date of August 24, 2006 on Exhibit (2) is without doubt a forged document that has been altered by both The state/Notary, whom is Guilty of Committed by f.S. 117.105 states there is Criminal Penalty for any Notary who falsely or fraudulently takes an Acknowledgment of an instrument.

Petitioner States the facts/evidence here attaches Proves that a felony has been Committed by both Parties Asst. State Attorney's/notary Public, and such Malicious Act's Committed by Court Officials as Prosecutors can not be cured by the (Good faith) Cry of a Prosecutor in this Case at bar.

This is a wrong committed against Justice and the system set up for Justice and to Protect.

Petitioner Detention Judgment/Sentence is unlawful/illegal and without Legal Probable Cause and Resulted in due Process Rights Violations of the 5th and 14th Amendment of the U.S. Constitution Art. 1. Section 9 of Fla. Constitution [And A Denial of Substantive/or Procedure due Process Rights] and Procedure Rule's are Violated,

Petitioner states the (so called) Charging information Exhibit (1) was illegal and unlawful also insufficient and mislead the Accuse. Petitioner and Embarrass him, in his Preparation of a defense on second illegal insufficient Document then after he attacked them for being illegal and insufficient, The state/notary Conspired with the Clerk to alter and forged A 2nd Affidavit to protect the First.

Petitioner Says the law says both Ex(1)&(2) is illegal & unlawful, and is absolutely invalid and is void:

## Ground Six

Petitioner Asserts the false, fraudulent, forged, charging information prepared/used by the state was highly Material, To convict and detain him illegally. And if the state Prosecutor had stepped forward and exposed to the court that he and Notary had deliberately knowingly forged and falsified the charging Document [Information] The jury would have Acquitted him or found him not Guilty, or Judge Dismissed it.

Therefore, Petitioner Asserts the [Government] Attorney is the representive not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern at all, and whose interest.

Therefore in a Criminal Prosecution is not that it [shall] win a case at any cost, but that Justice [shall] be done, as such, he is in a Peculiar and very definite Sense the servant of the law.

The two fold Aim of which is that Guilt [shall] not escape or innocence suffer. He may Prosecute with Honestness and Vigor, indeed he should do so, but while he may strike hand blows, [He is not at liberty to strike foul one's] it is as much his duty to refrain from improper methods Calulated to Produce a wrongful [Result] as it is to use every Legitimate means to bring about a just one.

Berger V. U.S. 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.ed 1314, 1935 under these standards the conduct of the prosecutor here was

(8)

Clearly improper Rules of Supreme Court, 145 fla. 763, 797 fla. (1941).

<u>Giglio V. U.S.</u> 405 U.S. 150 92 S.Ct. 763, 31 L.ed. 2d 104 (1972)
<u>Bagely</u>, 473 U.S. 667, 105 S.ct. 3375, 87 l.ed.2d. 481 (1985).

Petitioner States in this instant case the Conduct of <u>forgery</u>, <u>altering</u>, <u>fabricating</u> and <u>fraudulent</u> Preparing of a Charging information document by the Government is clearly improper and a criminal Act committed:

The police nor Prosecutor of the law Can not commit a crime and expect it to be accepted in good taste as an effort to prosecute a crime. A Crime is a crime against the law no matter who commit it, it's not taylor Made, it will fit anyone. <u>And is a fundamental Error.</u>

A <u>blatant</u> <u>Vindictive</u> disreguard for the proper Law in this Great Land, the action exhibit by the prosecutor who fabricated and deliberately forged and Conspired with others to commit <u>fraud</u> on the Court and forgery of Public Records is a total Disrespect of the Law and Justice and a Mockery of the Law and Court, Petitioner is Entitled to this Writ of Habeas Corpus to be issued because he is being held unlawfully, illegally by deliberate insufficient, forged, Altered, fraudulent, fabricated Charging information document/without legal Probable Cause and or due process to believe that he has Committed any offense due to the charging information (AFFIDAVIT) is insufficient unlawful and a forged document, by the State:
[And Practice used Violates Procedure Rules]

## Ground Seven

Petitioner Asserts Exhibit-(2) which has the Signature of Assit. State. Attorney And of Notary with Seal Stamped upon it, yet used the same date as found on the insufficient document Exhibit (1) when comparing both documents together it shows a clear evidence of forgery, fraud and altering of Documents, and is illegal and void and was stamped filed by the clerk on each document, only Exhibit (1) was filed actually by the clerk of court, and noted in the index docketing sheet, Exhibit (2) was fraudulently (slipped) into the clerks file as an effort made by the state to protect the insufficient information Act-ually filed in official record's by the clerk which shows date, hour of filing and the person. Ex (2) is forged date documents, and is illegal & invalid and can not be used as lawful charging information (Affidavit), for establish--ing formal Charges being filed, [The "State" has (issued) a forged Rubber Check to the Court and it has been returned from the bank of Ju--stice/law stamped Insufficient funds]. The information Affidavit (so called) is false/illegal for it is altered & fabricated by the state who also unlawfully solicited the notary/clerk of court to Participated in improper & illegal Conduct of Notary warrans Public Reprimand in Violation of F.S. 817.155 F.S. 918.13(1)(a)(b)(2), F.S. 777.04, See Case State V Sailer 645 So. 2d 1114, 1115, Ch. 117.05(3)(a), Walker V. City of Jack--sonville 360 So. 2d 52 (Fla, 1st DCA 1978) Ch. 117.105. 117.107(3), The Fla. Bar V. Farinas 608 So. 2d 22 (Fla, 1992) Bar Rules 3-4.3, 4-8.4 (a,c,d,) Assistant State Attorney solicited the Notary/Clerk of Court to unlaw--fully cooperated in the conspiracy to fraudulently defraud Petitioner out of his freedom and Constitutional Rights under U.S. Const. 4th, 5th & 14th Amend. also Fla. Const. Art. 1 Section 9,15(a), 16, 17 and 21 & 24 by

(10)

use of unsworn information And then a forged & fabricated the 2nd is insufficient to constitute a Affidavit (Valid) on it's face.

Therefore his detention and any order & Judgment entered is Void & empty and the Court lacked Jurisdiction/or Subject Matter Jurisdiction to make ruling in case. The Court had no authority, see Dobb v. State 637 So.2d 626, Christopher V. State 397 So.2d 406 (5th DCA 1981), Waggy V. State 935 So.2d 571, 31 (Fla. L. Wkly D 1972 (1st Dist, 2006) State V. Anderson 537 So 2d 1373 (Fla. 1980) in Anderson the Courts stated (c) The state can hardly be required to bring a defendant to trial in a case which does not conceptually or Actually ever exist where no legal & lawful valid information has not been filed (b) the fact that the trial Court in the "Absence" of legal Valid charging information (Affidavit) has no Jurisdiction over the cause, The same applys in this Case at bar, also see, Thomas V. Dyess Hendry County Sheriff, 537 So.2d 196 (2nd Dist 1990) & 567 So.2d 7, Detention & Judgment issured is a fundamental error & is unconstitutional, And Can be Raised at any time See, Waters v. State 354 So.2d 1277 (Fla. 2nd DCA 1978) Pre-trial order and Judgment entered is void The State attorney & notary is in violation of fla. bar Rules & Regulation 3-4.3, 4-8.4(a,c,d,), f.S. 918.13(1)(a)(b)(2), F.S. 817.155 which Prohibits any one from altering documents & the making & passing of false, fictitious, fraudulent Acts & Statements & Representation, the state fail to meet it's burden by not invoking the Courts Jurisdiction to issue any order F.S. 923.03(2) Dobson V State 439 So.2d 733, Waters V. State 354 So.2d 1277 (Fla. 2nd DCA 1978), State V. Anderson 537 So.2d 1373 (fla. 1980), Gerstein V. Pugh 420 U.S. 103, 95 s.ct. 854, 43 L.ed 2d 54 (1975), fla. Rule of Criminal P. Rule 3.140(g)(6), it Mislead and decieved Petitioner, [Petitioner Asserts it was the 2nd

(11)

fraudulent, Manufactured/altered, forged (Affidavit) that resulted in the Guilty verdict in this case, if not for the second forged Affidavit Petitioner would have been granted Acquittal[]

Petitioner Asserts, based on the fraudulent, Altered, forged and insufficient, fabricated Charging information filed and Prepared against Petitioner without doubt Proves the state had Committed forgery and fraud on the Court and has no Material facts to dispute and cannot (establish) A Prima facia Case of Guilt Against Petitioner in this case at bar. other than There disreguard for the truth/Law,

[Therefore Petitioner Request this court to Grant Petitioner immediate release from the Duval County Jail are any institution that is illegally detaining Petitioner or issue an order of show cause to the state on the merit/facts which can not be Denied or Disputed and the Court Does not have Jurisdiction nor Subject matter Jurisdiction in this Case. The Judgment/sentence is absolutely Null and Void:

## CERTIFICATE OF SERVICE

I Charlie James Burroughs, hereby "Certify" under the Penalty of Perjury I declare under Oath Pursuant to Rule 92.525 that a true/Correct copy of the foregoing has been Mailed to Clerk of Court, State Attorney Office and Chief Judge Moran This 10 day of May 2007,

Respectfully Submitted
By/ Charlie Burroughs
Charlie James Burroughs
#2006-030640-5W4-78
500 E. Adams St, Jax, Fla. 32202

(13)

S.A. CASE NO.: 06CF094869AD

STATE OF FLORIDA

vs.

CHARLIE JAMES BURROUGHS

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

Spring Term, in the year two thousand six

CLERK NO.: 16 *2006* CF *13054* A XXX MA

DIVISION: CRC

Clerk of Court only case no:   illegal

INFORMATION FOR:

1) POSSESSION OF COCAINE
2) POSSESSION OF A FIREARM BY A CONVICTED FELON

IN THE NAME OF AND BY AUTHORITY OF THE STATE OF FLORIDA, HARRY L. SHORSTEIN, State Attorney for the Fourth Judicial Circuit of the State of Florida, in and for Duval County, charges that:

### COUNT 1

CHARLIE JAMES BURROUGHS on August 3, 2006, in the County of Duval and the State of Florida, did unlawfully and knowingly be in actual or constructive possession of Cocaine, a controlled substance named or described in Section 893.03(2)(a)4, Florida Statutes, contrary to the provisions of Section 893.13(6)(a), Florida Statutes.

### COUNT 2

CHARLIE JAMES BURROUGHS on August 3, 2006, in the County of Duval and the State of Florida, did actually possess a firearm, to-wit: a short barrell shot gun and/or a handgun, having been convicted of a felony in the courts of the State of Florida, to-wit: Purchase of Cannibas in the Circuit Court, in and for the Fourth Judicial Circuit of Florida, on December 22, 1997, contrary to the provisions of Sections 790.23(1)(a) and 775.087(2)(a)(1), Florida Statutes.

HARRY L. SHORSTEIN, STATE ATTORNEY
FOURTH JUDICIAL CIRCUIT

By: _____
Assistant State Attorney
Fourth Judicial Circuit of Florida, in and for Duval County

STATE OF FLORIDA   )
COUNTY OF DUVAL   )

Personally appeared before me, Mark Caliel, Bar No. 1015650, Assistant State Attorney, for the Fourth Judicial Circuit of the State of Florida, in and for Duval County, who is personally known to me, and who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged, and that this prosecution is instituted in good faith, and hereby certifies that testimony under oath has been received from the material witness(es) for the offense.

NOT SAME AS

Sworn to and subscribed before me this 24 day of August, 2006.

Dianne C. Logston
MY COMMISSION # DD196163 EXPIRES
May 29, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

Ex.1

By: _____

JIM FULLER, Clerk of the Circuit Court, Fourth Judicial Circuit of Florida, In and For Duval County, and Clerk of the County Court, In and For Duval County, Florida.

FILED THIS   AUG 24 2006            BY DEPUTY CLERK: _____

NOT SAME AS EX.1

| Dkt | 2006-030640 | AD | August 24, 2006 | DOB | 11/07/1966 |
| Ext. | O | S/W | | | |
| Race | Black | Sex | Male | | |
| SSN | 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 | | | | |

31

EXHIBIT 2

| | |
|---|---|
| S.A. CASE NO.: 06CF094869AD | IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA |
| STATE OF FLORIDA | Spring Term, in the year two thousand six |
| vs. | CLERK NO.: TB 2006 CF 12654 A XXX MA |
| CHARLIE JAMES BURROUGHS | DIVISION: CRC illegal |
| | Clerk of Court only case no: |

INFORMATION FOR:

1) POSSESSION OF COCAINE
2) POSSESSION OF A FIREARM BY A CONVICTED FELON

IN THE NAME OF AND BY AUTHORITY OF THE STATE OF FLORIDA, HARRY L. SHORSTEIN, State Attorney for the Fourth Judicial Circuit of the State of Florida, in and for Duval County, charges that:

### COUNT 1

CHARLIE JAMES BURROUGHS on August 3, 2006, in the County of Duval and the State of Florida, did unlawfully and knowingly be in actual, or constructive possession of Cocaine, a controlled substance named, or described in Section 893.03(2)(a)4, Florida Statutes, contrary to the provisions of Section 893.13(6)(a), Florida Statutes.

### COUNT 2

CHARLIE JAMES BURROUGHS on August 3, 2006, in the County of Duval and the State of Florida, did actually possess a firearm, to-wit: a short barrell shot gun and/or a handgun, having been convicted of a felony in the courts of the State of Florida, to-wit: Purchase of Cannibas in the Circuit Court, in and for the Fourth Judicial Circuit of Florida, on December 22, 1997, contrary to the provisions of Sections 790.23(1)(a) and 775.087(2)(a)(1), Florida Statutes.

*Not Signed*

HARRY L. SHORSTEIN, STATE ATTORNEY ✓
FOURTH JUDICIAL CIRCUIT  *Not Signed* ✓

By: Mark Caliel, Bar No. 1015650
Assistant State Attorney
Fourth Judicial Circuit of Florida, in and for Duval County

**COPY**

STATE OF FLORIDA )
COUNTY OF DUVAL )

Personally appeared before me, Mark Caliel, Bar No. 1015650, Assistant State Attorney, for the Fourth Judicial Circuit of the State of Florida, in and for Duval County, who is personally known to me, and who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged, and that this prosecution is instituted in good faith, and hereby certifies that testimony under oath has been received from the material witness(es) for the offense.

Sworn to and subscribed before me this 24 day of August, 2006.

*Not same as Ex. 2*

*No Notary Seal*

By: ol

*No Notary Signature*

JIM FULLER, Clerk of the Circuit Court, Fourth Judicial Circuit of Florida, In and For Duval County, and Clerk of the County Court, In and For Duval County, Florida.

FILED THIS **AUG 24 2006**   BY DEPUTY CLERK:

*Not same as Ex. 2*

Exhibit #1

| | | |
|---|---|---|
| Dkt 2006-030640 | AD August 24, 2006 | DOB 11/07/1966 |
| Ext. O | S/W | |
| Race Black | Sex Male | |
| SSN 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 | | |

MO NO.(S): S893.13(6)(a) F3; S790.23(1)(a), 775.087(2)(a)(1) F2